I was fortunate to be called back just in time, Your Honor. May I please the court? My name is Kevin Page and I represent Dominic Lindsey. Your Honor, as an objective view and an even-handed view of the undisputed facts and of the applicable legal standard in this case yields a clear answer. Mr. Lindsey's November and April offenses are part of the same course of conduct as the instant offense within the meaning of the relevant conduct guideline. Because this court will not assume an intent to depart or vary from a court that does not say that it wishes to do so, and because the court sentenced in variance with the clear recommendation of the sentencing guidelines on 5G 1.3b, which is to sentence concurrently with relevant conduct, this court should vacate in remand or at least remand to establish the district court's view of relevant conduct and to do a limited remand if not a full remand. One housekeeping matter, as the motion to supplement the record will show, the charges arising from the June offense have been dismissed. This court need not rule upon that or issue a decision upon the June marijuana offense in the PSR. But I do submit that it is still appropriate to rule on the November and April offenses arising from the November and April conduct. The case for relevant conduct in this case, I submit, is overwhelming. Each of the three offenses before this court, the instant offense and the November and April incidents, involved very strikingly similar facts. They all involved five elements. They involved very similar scale of the marijuana that was found in the car, between two and four ounces in November, five ounces, just over five ounces in April. The government describes that as between four ounces and five pounds, and that is an accurate description of the state charging range, but the facts in the PSR establish that it was five ounces and about seven and a half ounces in the instant offense. So we really have a very, very similar scale of a marijuana offense. The third element of similarity here is that there is evidence of small scale marijuana dealing in all three cases. In the present case we have a plea to that conduct, and in the November and April offenses we have baggies and cash, packaging for sale and cash. In each case it was in a car that the defendant was caught with the marijuana, and in each case there was some evidence of intoxication or addiction, namely that in all three there was the odor of marijuana, and in two he was asleep behind the wheel of his car when he was caught. So I submit we have a very striking case for similarity. What precisely is the error that you would want this Court to find and reach? The error is to sentence at variance with the recommendation of the Sentencing Commission as to concurrent sentences without an indication in the record that the Court intended to do so, is to be precisely how it would describe the error. That the Court is empowered to disagree with the relevant conduct guideline, excuse me, the concurrent consecutive sentencing guideline just as it's empowered to disagree with any guideline it chooses and to vary based on the specific facts or critique of the guideline as it chooses. The failure of the District Court to do that, you would characterize as illegal? You said while relevant conduct is said to be a factual matter, certainly that's true as to its conduct, but as to the notion of whether or not it is to be what used to be made of it, why isn't that a legal inquiry? It is a legal inquiry. I would submit that's precisely a legal inquiry. The historical facts are undisputed in the case. Precisely how much marijuana the defendant was caught with in each case, what he had in the car, the circumstances under which he was caught, all of those are completely undisputed and the only legal issue is how, whether or not we should characterize that as the same course of conduct. And I would submit that this Court's opinion in the United States v. Randall shows that although relevant conduct encompasses many, many factual determinations, where the facts are undisputed, in that case we have a legal question which is amenable to a plain error review. So just to finish up very briefly on the relevant conduct issue, the three factors under course of conduct are similarity, regularity, and temporal proximity. The only one that's even contested, it seems to me, is similarity. And there is a strong, at least a passable case there. And there's temporal proximity in droves. All of this is within eight months of the instant offense. And there's certainly regularity. We have four repetitions of a similar offense within eight months. So I submit this is not a close case as to whether or not this satisfies the course of conduct theory of relevant conduct. What was the language of the district court's ruling? It wasn't objected to. What was the district court's explanation, if any? The district court simply said that it was running the instant offenses, the federal concurrent to three offenses that came from the July conduct, like literally exactly the same conduct because they were related. And then it said consecutive to all others, which it named. So there really isn't any indication at all in the transcript that the court applied at any standard to determine that it was different than the guidelines from Well, I'm getting at it. Was this an oversight or was it calculated by the district court in an affirmative finding? I think there's very good reason to think it was an oversight. And there's very good reason to think that it's an oversight about trying to determine whether or not the prior offenses are relevant conduct and to recognize that the guidelines run concurrently when they are. The reason that I think that that's an oversight is, number one, there's nothing in the PSR that talks about concurrent or consecutive sentencing with respect to the state sentences either way. So we would be piling an inference of a finding in the PSR onto an inference of the court adopting the PSR to adopt that finding. Number two, you have sort of the unusual case where, I mean, it's not terribly unusual, but it's not usually how we think about relevant conduct. We usually think about relevant conduct as what boosts the offense level rather than what affects concurrent or consecutive sentencing. So the positions of the party are a little bit inverted from the typical posture and so it might be easy to overlook. The third reason to think this might be an oversight is that the relevant conduct guideline as respects anticipated sentences is of relatively recent vintage. There used to be no recommendation about that at all with respect to anticipated sentences. And then after Setzer, the guideline starts to address that. So we might be just sort of stuck in old ways of processing cases. And then finally, the guideline also used to say that you have to have an increase in the offense level based on the relevant conduct in order to get concurrent sentencing for that and it no longer says that. So that may just be a change that hasn't been processed below. And so obviously it's our duty to object in that situation, but where the guidance of the Sentencing Commission is clear and there's reason to think that it might be an oversight, the appropriate response on plain error is to vacate and remand. I would like, if I could, to address the government's suggestion that the case must be effective and affirmed because the relevant conducts are classed as factual. There is certainly authority for that proposition. I don't want to suggest otherwise. But we don't really know from those cases whether or not in those cases that the court is referring to historical facts that are undisputed or whether or not it's saying that all issues that arise under the relevant conduct guideline are never legal, that those are always classed as factual. And the first case that really makes, that dives into that distinction and questions whether that distinction I submit to you is Randall, which addresses, is really the first to distinguish between the historical facts and sort of characterizations of the facts which are, we entrust to the district court because they're closer to the situation and they process more cases, but which are not truly factual cases because they do involve the application of the guidelines. And I would also submit to you, it can't be, it is very unlikely to be the law, it wouldn't make a lot of sense under the law to say that any error that arises under the relevant conduct guideline is factual in nature. We can all think of errors that arise under the relevant conduct guideline that are clearly legal. For instance, if a court thought that it was okay to add to the offense level on the basis of conduct that it knew not to be criminal or agreed not to be criminal, in that situation that would be a clear legal error. That would just be a misapprehension of the scope of the relevant conduct guideline in that circumstance. And so, in that situation that, where we have unspecified facts, I submit the court should engage in plain error review. Well, the difference, obviously, of when witness one says X and witness, second witness says it's Y, and the district court chooses between the two. Now that's a clean finding of fact itself. But when there is no dispute as between X and Y, and it has to do with the determination of the consequences of that factual situation, why isn't that properly characterized as simply a reviewable issue of law? I agree wholeheartedly. I assumed you would agree with that. I do. And it's better said than I did. But I want to just suggest that if the court has doubt about that, if it doubts whether or not it has the power to adjudicate that, it can, as an alternative to a full vacature and remand, remand and ask the court, did it intend to make a relevant conduct finding? Did it make an implicit relevant conduct finding? And would it be inclined to run the sentences concurrently if it understood these incidents to arise from relevant conduct? And then, in that case, you wouldn't have to address any of the thorny issues that arise about the scope of Lopez and, in some cases, about inconsistent application of Lopez. This court has, although it might be unusual to do that in plain error, this court has. Take a case in which the only appellate review, the claimed error is that the district court erred in refusing and sustaining the objection to proffered testimony. And the question is, on the basis, the objection was relevance. Is the honor object relevant? Sustained. And it excludes testimony. Is that viewable as a question of fact? I think it clearly is, unless there's strong reason to believe from the record that it is a disputed question of fact that it's underlying the offense, then there would be. But here, I submit there's nothing like that. There's no dispute about the facts. The judge just says, I don't think they're relevant. Is that a legal determination or a factual determination? I would say, yes, that's a legal determination, assuming there's not a factual question lurking. Well, these characterizations as legal and factual sometimes get to be a little elusive. They do. Indeed, they do. And I would say that's a reason that we ought to construe them narrowly in the context of plain error, where there are so many other barriers to reversal of unobjected to error. It has to meet all of the other standards. So we ought not impose, to the extent that we're not required to by precedent, additional barriers. If the Court has nothing further, I'm happy to... You've saved time for about... Thank you very much. Thank you, Mr. Page. Ms. Williams? May it please the Court. Christina Williams for the government. Appellant asks this Court to ignore this Court's holding in Lopez and disturb the District Court's relevant conduct fact findings on plain error review. Instead, this Court should affirm for the following three reasons. First, this Court held in Lopez and has reiterated over a hundred times since that questions of fact capable of resolution by the District Court on proper objection can never constitute plain error. Lindsey raises a question of fact, whether his prior state offenses are relevant conduct, i.e., similar enough to his offense of conviction. What's the dispute about the... Is there any dispute about what the conduct was that was said to be relevant? So, I don't... Neither of the parties dispute what's in the PSR. I'm sorry? Neither of the parties dispute what is in the PSR and its characterization of the prior offenses. I'm not asking you what the parties think. I'm asking you what... To answer my question, which is, is there any factual dispute about what the relevant conduct was? Well, the fact... What the claim does, what conduct was. The factual dispute is inherently whether it is relevant conduct. That's an intensely factual determination to look at two offenses and say, are they similar enough? Let me press you a little bit on that. Inherently a factual question. Now, the factual questions we're talking about and being foreclosed on Rule 51 historically has been that one of the vices of the... One of the objections is it deprives the District Court of an opportunity to correct its mistake. And if the judge is ruling on a legal matter, he's had it before him and he's ruled. I would submit that this is not a legal error. This is a factual question that had the objection been made in the District Court, facts could have been developed to learn more about these offenses. We don't know if there were accomplices. We don't know if there were victims. All we know is some facts about these offenses. We know they all involve marijuana, but we know that two out of the four also had additional controlled substances and two out of the four had guns. So they're not identical specifically. While they are very similar, there are differences. Well, I guess I don't understand. If we don't know what the relevant conduct... What the conduct is that is said not to have been relevant, what are we talking about? You say we don't know in the record what conduct we're talking about? Well, here what we're asking is, did the District Court plainly err in its determination as to whether the prior offenses were relevant conduct? Were the prior offenses so clearly and obviously meeting the test for relevant conduct, both groupable offenses under Section 3D1.2 and the same course of conduct, so that this Court can say it was clear error for the District Court to not find that they were relevant conduct? You say it's plain error. Do you say it's plain error, the government's conceded it's plain error? No, Your Honor, it's not plain error. But what I'm saying is the question for this Court is whether it was... Well, I know that's the question you want us to decide, but I'm trying to get at whether that is the question. There's a real difference to me when the trial judge has to decide whether to perform a resolution of factual determinations and a legal question of whether or not, given that there's any dispute about that. You say we don't even know what the underlying facts are. Well, we know what's in the PSR, but there's a universe of things that we don't know because the facts were not developed any further than the PSR in the District Court. And what does the PSR say? So the PSR tells us that the first offense in November of 2016, there was 2 to 4 ounces of marijuana, there was a 9mm pistol, and he was found in his car with these two items as well as cash. The PSR tells us that in April 2017, he was found with between 4 ounces and 5 pounds. I understand that from later supplementation, we know it to be 5 ounces, but we know that there was no gun in that instance. In June 2017, the PSR tells us he was found with 1 ounce of marijuana and no gun. And in July of 2017, the offense of conviction, he was found with not only 7 ounces of marijuana, but 4 grams of hydrocodone and a 9mm pistol. So we know those aspects. So, I'd like to first address the appellant's contention that the record is silent as to whether the District Court was aware of the guidelines as to concurrent versus consecutive or whether it intentionally made that determination. And the appellant in the District Court filed a motion for concurrent sentences as to his July 2017 offense of conviction. He cited the relevant guideline and he asked for concurrent sentences for that one offense. He made no mention of the prior offenses. So we know from the record that the District Court was well aware of that provision of the guidelines and intentionally determined which prior offenses would run concurrent and which would run consecutive to the anticipated state sentences. And this court can look to the PSR in the sentencing transcript to discern the District Court's intent. And here we can look and see that the District Court was aware of this guideline provision. It intentionally determined how it would apply it. So there's no need to remand for that finding. Moreover, the appellant focuses on the recent case Randall from this court, but there are key distinctions in Randall which suggest that this is not the same case. First, Randall was a case where the defendant was indicted on one count of child pornography and there were essentially pseudo counts created by the PSR and the District Court. And the government never argued to this court that that was a factual determination, but there was a footnote in Randall explaining that Lopez was not applicable because that was a legal error. But this was a different case. Here, we know that the District Courts have the discretion to run sentences consecutive. Would the defendant not make any argument that these sentences should be run concurrently? In the Randall case or this case, Your Honor? No, here. In this case, the defendant made an argument in the District Court that sentences stemming from the July 18, 2017 incident should run concurrent federal and state. But there was no argument in the District Court as to whether the prior offenses should run consecutive or concurrent. I'm following that. What did the defendant say? So the defendant filed a motion asking that all sentences arising from the July 18, 2017 offensive conviction, his state sentences and his federal sentences, all run concurrent to each other. But there was no mention of the prior offenses in November 2016, April 2017, and June 2017 in that motion. So he never asked the District Court to classify those as relevant conduct and to run the sentences concurrently. The defendant never asked him to rule in any way. So whether or not this Court wants to get into the issue, whether Lopez is applicable, even if plain error review applies here, the District Court simply did not commit plain error. There are two reasons why Lindsay's prior offenses are not relevant conduct under the guidelines. First, the guidelines require that the offenses be groupable conduct. And Section 2D.2.1, Drug Possession, is specifically excluded from the list of groupable offenses. So that's the first reason that they cannot be relevant conduct. In addition, as we've discussed, the District Court did not clearly err in determining that these were not the same course of conduct or a common scheme. So, in conclusion, the District Court did not plainly err in its relevant conduct determination and this Court should affirm. And if there are no further questions, I'm happy to return time to the panel. Thank you, Ms. Williams. Mr. Page, rebuttal. May it please the Court? Just to clear up a little bit the question of what the defendant asked for. There is a request in the record by the defendant for concurrent sentences as to the July charges and no mention of the other charges. There is also an express disclaimer at the end of that that says, any objection that I have not made is one that I have not thought of and I don't intend to waive any objection that I haven't made here. If that worked, many of our cases would turn out very differently, I'm sure. Not in criminal cases, Your Honor. I don't think so. In criminal cases, the distinction is a firm one between waiver and forfeiture and waiver is supposed to be a knowing and conscious right. And so when the defense attorney then says, I'm not intending to waive any other argument and there's no benefit to a waiver of a right to a concurrent sentence in that case, then I would submit to you that that's, he's clearly not intending to waive the argument that anything else should run concurrently. There's no value to that. Ms. Williams indicated to us that if we look at the PSR and the statute of limitations and the sentencing transcript together, but particularly I think she said the PSR, we'll know that Chief Judge Lynn was aware of the proper guideline provision. I think that it clearly will not. I mean, the pre-sentence report, the court can absolutely look to the PSR to determine what findings the district court may have implicitly made, but there are no findings at all about concurrent or consecutive sentencing in this case. Is the guideline provision in the PSR? The guideline provision is not in the PSR. It's in the objection. There is a statement that 5G 1.3b, I think, will apply to the instant offenses and no discussion of its application outside of that. But the mere citation to the guideline offenses doesn't tell us that the district court was thinking about its application beyond the conduct that is literally within the instant offense and is beyond the instant offense but still considered relevant conduct. I mean, that is a more unusual and not quite as an intuitive application of the guideline as just the determination of whether 5G 1.3b applies to conducts that are literally identical conduct. Let me make sure I understand why you're saying there's uncertainty about what the district judge was aware of and why it would benefit the process to send it back to her. Is there nothing brought to the district judge in any kind of affirmative way about these three prior offenses? There is not. I mean, as to whether they should run concurrent or consecutive. As far as what to do with them as sentencing. There's no motion, there's no by either side, no reference to it in the transcript of the sentencing hearing? No, there is none. The only thing that we really have is some oblique references to them I think on page 94 to the court in connection with 3553. That's part of the transcript? That's part of the transcript. So it's scripting at page 94? Yeah, right. What did you say, elliptically or obliquely? Obliquely. I mean, the court is just saying, you know, I consider this serious. I have because this is not the first time you seem to be trafficking marijuana. And so that seems to be a reference to the pending cases. The government certainly pressed the pending cases. So I think they were considered as part of what the appropriate sentence was under how we got to a 78-month sentence. But as far as concurrent or consecutive sentencing, there's nothing at all. Well, this court has a very long history of refusing to consider questions, disputed issues of fact that have not been objected to, where an objection could allow the district court to evade the correction. You go to United States v. Balaquez, Judge G. Williams and yours truly, U.S. v. Morning, Chief Judge Clark with Ringley and King, U.S. v. Brunson with myself, Judge Rubin, and Judge Garwood. That's the line of cases. And they say very clearly it's an interpretation of Rule 51. And it goes much deeper than that. It goes back to the rules formulation. There were civil rules themselves. As a fundamental tenet of the court, the order of the court, that orderly presentation of evidence, that the situations where the want of an objection deprive the district court of an opportunity to correct it. Now, with that, that's the background of it, of where we are. And so basically what you're asking us to do is to urge our court to retreat from that in some fashion. But before we do that, I'm very interested in exactly what the dimensions are of a, quote, question of fact in these kind of a context. The government retreats to say, well, it's in the presumption that the district court did this because this is on the PSR, et cetera, et cetera. I'm just trying to get a sense of where we are. And did you deprive the district court of an opportunity to correct what you now say is a plain error? Well, excuse me, I'm out of time. May I answer? It is always the case that the absence of an objection deprives the court of a chance to correct itself. It could correct a legal error, a very clear legal error. And in fact, the parties could always add different facts to the record that would change the proper application of legal standards to the case. Even if in the case of a clear legal error, we might change the factual predicate so that we would find that it's not error anymore. So that determination, I think, has to, the fact that the parties would always have an opportunity to add more facts to the record in order to avoid an error doesn't justify this court foregoing errors that are founded on undisputed facts. So you would say that that line of authority is circumscribed by the presence or absence of an opportunity of the district judge to effectively correct the error? At a minimum. And I would submit that if you look at Lopez, I mean, Lopez is saying that you have to have either a legal error or a manifest injustice. That's the language from Lopez too. And now we've had two higher authority cases since then that cast doubt on the manifest injustice standard. One that says it's not necessary in Rosales-Mireles, one in Calvary which says it's not even sufficient. And so in that situation, I think that there's also just a lot of doubt about whether or not Lopez accurately states the law here in this case. And to avoid that question, the court should either vacate or send it back to the district court to answer additional questions. Thank you. Thank you, Mr. Page. Your case is under submission.